**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SRINIVAS KONERU,

*Plaintiff,*

v.

SECURITIES AND EXCHANGE
COMMISSION,

*Defendant.*

Civil Action No. 25 - 4100 (SLS)

Judge Sparkle L. Sooknanan

**<u>MEMORANDUM OPINION</u>**

Srinivas Koneru is the founder of Triterras, a financial-technology company that formerly traded publicly on the Nasdaq stock exchange. On December 21, 2020, Triterras investors filed a putative class action against the company for purported securities law violations. And in 2021, the Securities and Exchange Commission and its staff (SEC) began investigating Mr. Koneru and Triterras for related violations. In October 2025, the SEC's investigation was still ongoing when funding to the agency lapsed due to a federal government shutdown. Because of a looming statute of limitations that would bar some of the SEC's potential claims, it asked Mr. Koneru to sign a tolling agreement. After Mr. Koneru declined, the SEC initiated an enforcement proceeding against him in the U.S. District Court for the Southern District of New York, alleging that he unlawfully pocketed roughly $60 million in 2020 through a scheme to defraud investors.

Mr. Koneru now brings an Administrative Procedure Act (APA) action in this Court, arguing that the SEC violated the Anti-Deficiency Act—a federal statute that limits the federal government's activities during a lapse in appropriations—by filing the enforcement action in the Southern District of New York. The SEC moves to dismiss, raising a panoply of threshold and

merits arguments. But the Court need not reach most of the SEC's arguments in favor of dismissal. Agency action is unreviewable under the APA if there is another adequate remedy available to the plaintiff. Because Mr. Koneru may raise his Anti-Deficiency Act arguments in the pending action in the Southern District of New York, he has an adequate remedy elsewhere. The Court thus grants the SEC's motion and dismisses Mr. Koneru's Complaint.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). The Court also takes "judicial notice of public records from other court proceedings." *Lewis v. Drug Enforcement Admin.*, 777 F. Supp. 2d 151, 159 (D.D.C. 2011).

Mr. Koneru is the founder of Triterras, a previously public but now private financial technology company owned by Mr. Koneru and other investors. Compl. ¶ 9, ECF No. 1. Triterras began trading publicly in November 2020, after a special-purpose acquisition company, Netfin, acquired Triterras. *Id.* ¶ 12. In December 2020, Triterras investors filed a putative class action against the company, alleging purported securities law violations in the period before and after the Netfin transaction. *Id.* ¶ 13. That lawsuit ultimately settled. *Id.*

In 2021, the SEC opened its own investigation of Mr. Koneru and Triterras for these and other securities law violations. *Id.* ¶ 20. On October 1, 2025, a shutdown began across the federal government, and the SEC's appropriations lapsed. *Id.* ¶ 37. On October 16, 2025, the SEC asked Mr. Koneru to sign a tolling agreement to suspend the statute of limitations on certain claims being investigated beginning on September 30, 2025. *Id.* ¶¶ 30–31. The SEC gave Mr. Koneru until October 24, 2025, to sign the agreement, and it noted that it would use the additional time to engage in settlement negotiations. *Id.* ¶¶ 30–31, 50. But Mr. Koneru did not sign the agreement and balked at the request by the SEC to retroactively suspend the statute of limitations. *Id.* ¶ 31. He also

questioned the SEC's authority to continue its investigation during the lapse of appropriations. *Id.* ¶¶ 50–51.

On November 7, 2025, the SEC filed a complaint against Mr. Koneru in the Southern District of New York, alleging that Mr. Koneru engaged in a series of securities law violations dating back to 2020 to the tune of $60 million. *Id.* ¶¶ 67, 74; *see also* Compl., *SEC v. Koneru*, No. 25-cv-9327, ECF No. 1 (S.D.N.Y Nov. 7, 2025). Mr. Koneru has since moved to dismiss that complaint under the Anti-Deficiency Act, 31 U.S.C. § 1342, which forbids any "officer or employee of the United States Government" from "employ[ing] personal services exceeding that authorized by law except for emergencies involving the safety of human life or the protection of property." Def.'s Mot. Dismiss, *SEC v. Koneru*, No. 1:25-cv-9327, ECF No. 26 at 13–24 (S.D.N.Y. May 21, 2026). Congress restored appropriations to the SEC on November 12, 2025, five days after the SEC filed the SDNY enforcement action. Compl. ¶ 37.

In November 2025, Mr. Koneru filed suit in this District, arguing again that the SEC violated the Anti-Deficiency Act by initiating the SDNY action during a lapse in appropriations. *See generally* Compl. The SEC moves to dismiss Mr. Koneru's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Mot., ECF No. 15. That motion is fully briefed and ripe for review. Opp'n, ECF No. 18; Reply, ECF No. 20; SEC Suppl. Notice, ECF No. 21; Pl.'s Suppl. Notice Resp., ECF No. 22; SEC Suppl. Mem., ECF No. 24; Pl.'s Suppl. Mem., ECF No. 25.

## LEGAL STANDARD

"A motion under Rule 12(b)(1) presents a threshold challenge to a court's [subject-matter] jurisdiction." *Ctr. for Biological Diversity v. U.S. Int'l Dev. Fin. Corp.*, 585 F. Supp. 3d 63, 69 (D.D.C. 2022) (cleaned up). A plaintiff "bears the burden of proving by a preponderance of the evidence that the Court has subject-matter jurisdiction over her claims." *Schmidt v. U.S. Capitol Police Bd.*, 826 F. Supp. 2d 59, 69 (D.D.C. 2011). When evaluating a motion under Rule 12(b)(1),

a "court may consider documents outside the pleadings to assure itself that it has jurisdiction." *Sandoval v. U.S. DOJ*, 322 F. Supp. 3d 101, 104 (D.D.C. 2018).

Under Rule 12(b)(6), a court must dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts "must construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged.'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an "inference[] . . . unsupported by the facts set out in the complaint." *Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (first quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986); and then quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

## DISCUSSION

Mr. Koneru alleges that the SEC violated the Anti-Deficiency Act when it filed the SDNY enforcement action. He asks this Court (1) to "[d]eclare that the complaint in the SDNY Action was null, void, and of no legal effect," and (2) to "[o]rder the SEC to dismiss the complaint and enjoin the SEC from filing any amended complaint or otherwise continuing the SDNY Action." Compl. ¶¶ 81–101. The SEC moves to dismiss, arguing that Mr. Koneru lacks both Article III standing and a cause of action under the APA. And it defends its enforcement action on the merits.

The Court finds that Mr. Koneru has standing to bring this action. But because Mr. Koneru may raise his Anti-Deficiency Act arguments as affirmative defenses in the SDNY action, he is limited to that "other adequate remedy in a court" and precluded from seeking APA review.

4

5 U.S.C. § 704. The Court thus grants the SEC's motion and declines to reach the remaining issues briefed by the Parties. The Court dismisses this case under Rule 12(b)(6).[1]

### A.    Article III Standing

Standing is easily dispensed with. "To establish Article III standing, a plaintiff must show (1) injury in fact that is concrete and particularized and actual or imminent rather than conjectural or hypothetical, (2) causation fairly traceable to the defendant's challenged action and (3) redressability by a favorable decision that is likely as opposed to merely speculative." *Am. Whitewater v. FERC*, 125 F.4th 1139, 1150 (D.C. Cir. 2025) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). Since Mr. Koneru "is h[im]self [the] object of [the] government action" at issue, namely, the SEC's civil enforcement action, "there is [] little question that" the enforcement action constitutes an Article III injury. *Hardaway v. D.C. Hous. Auth.*, 843 F.3d 973, 977 (D.C. Cir. 2016) (cleaned up). "[S]tanding is self-evident when the plaintiff is h[im]self the object of the challenged agency action." *Id.* (cleaned up). And "assum[ing]" that Mr. Koneru would "prevail on the merits of [his] claim," his injury would be redressed by the relief that he seeks—a favorable ruling vacating or enjoining that action. *Attias v. Carefirst, Inc.*, 865 F.3d 620, 629 (D.C. Cir. 2017). Accordingly, the Court has standing to address Mr. Koneru's APA claim.

---

[1] The SEC argues that Mr. Koneru is not within the zone of interests protected by the Anti-Deficiency Act; that he has not identified final agency action that is reviewable under the APA; and that the APA precludes judicial review because the Anti-Deficiency Act provides a detailed mechanism for judicial and administrative review. Mot. 14–16, 17–21, 21–23, ECF No. 15. The SEC also argues that the "language of the [Anti-Deficiency Act] and its statutory history confirm that the [SEC's] actions fit comfortably within the statute's exception for the protection of property." *Id.* at 28. And the SEC challenges Mr. Koneru's requested remedy, arguing that the Court may not declare the SDNY action null and void, require the SEC to halt the action, or preclude the SEC from filing an amended complaint. *Id.* at 43–44. The Court need not address any of these issues.

B.        Other-Adequate-Remedy Bar

The SEC next argues that Mr. Koneru lacks an APA cause of action because he has an adequate remedy in the SDNY action. Mot. 24–28. On this point, the Court agrees. Judicial review under the APA is not available when there is "[an]other adequate remedy in a court." 5 U.S.C. § 704. And Mr. Koneru "almost by definition [] ha[s] an adequate remedy in a court, that is, the remedy of opposing the [SEC's] [action] in the court in which [the SEC] file[d] [its] papers," *i.e.*, the Southern District of New York. *NAACP. v. Meese*, 615 F. Supp. 200, 203 (D.D.C. 1985); *cf. Buntrock v. SEC*, 347 F.3d 995, 997 (7th Cir. 2003) (noting that an "attempt to derail the SEC's suit by filing [one's] own suit against the SEC rather than seeking relief in that suit has no basis in law or common sense, and indeed is (if an oxymoron is permissible) seriously frivolous").

Mr. Koneru's arguments to the contrary are unconvincing. First, Mr. Koneru argues that he lacks an adequate remedy because he "cannot bring counterclaims against the SEC" in the SDNY proceeding and so his Anti-Deficiency Act challenge is "relegated to an affirmative defense." Opp'n 27. But the existence of another adequate remedy precludes APA review so long as the plaintiff can get relief of the "same genre"; whether that is accomplished through a counterclaim or affirmative defense is beyond the point. *League of Women Voters v. DHS*, __ F. Supp 3d __, No. 25-cv-3501, 2026 WL 1784297, at *21 (D.D.C. June 22, 2026) (cleaned up). Mr. Koneru has moved to dismiss the SDNY action, making the same arguments that he makes here—that the SEC initiated that action in violation of the Anti-Deficiency Act. *See* Def.'s Mot. Dismiss, *SEC v. Koneru*, No. 25-cv-9327, ECF No. 26 at 13–24 (S.D.N.Y May 21, 2026). Should that court rule for Mr. Koneru and dismiss the SEC's enforcement action, the result would be "duplicative" of what Mr. Koneru seeks in this suit—termination of the enforcement action. *League of Women Voters*, 2026 WL 1784297, at *21 (cleaned up). Undoubtedly then, "the proper

vehicle for reviewing the propriety of the" SEC's enforcement action "is through an affirmative defense in th[at] enforcement action." *Su v. Intra-Nat'l Home Care, LLC*, No. 2:21-cv-1391, 2023 WL 5672735, at *1 (W.D. Pa. Sep. 1, 2023). And that is enough to preclude an APA challenge in this Court. *Quicken Loans Inc. v. United States*, 152 F. Supp. 3d 938, 949–50 (E.D. Mich. 2015) (APA challenge to Department of Housing and Urban Development enforcement action not permitted under Section 704 because same issues could be raised as a defense in that action); *City of Oakland v. Lynch*, 798 F.3d 1159, 1166 (9th Cir. 2015) (ability to defend civil asset forfeiture suit provided an adequate remedy foreclosing APA action to set aside that same suit); *Meese*, 615 F. Supp. at 203 (ability to oppose reopening of consent decree provided an adequate remedy precluding APA relief); *cf. Morgan Drexen, Inc. v. CFPB*, 785 F.3d 684, 698 (D.C. Cir. 2015) (ability to defend in CFPB enforcement action provided "an adequate remedy at law" precluding ability to grant injunctive relief).[2]

Next, Mr. Koneru relies on the Supreme Court's decision in *Axon Enterprise v. Federal Trade Commission*, which held that a plaintiff's challenge to the validity of an agency proceeding should be remedied in federal court rather than before the agency. 598 U.S. 175, 191 (2023). There, the Court reasoned that initiating review before the agency in the first instance would fail to redress the plaintiff's purported injury—"subjection to an illegitimate proceeding, led by an illegitimate decisionmaker"—because agency review would have already occurred by the time the case

---

[2] Mr. Koneru's situation differs from a pre-enforcement action where a plaintiff faces a "Hobson's Choice" between subjecting themselves to the risk of penalties by violating a rule or facing the injury of complying with a potentially invalid law. *Morgan Drexen, Inc. v. CFPB*, 785 F.3d 684, 694–95 (D.C. Cir. 2015) (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992)). A plaintiff lacks an "adequate remedy at law" for that injurious situation. *Id.* at 694 (quoting *Morales*, 504 U.S. at 381). But the plaintiff is "relieved of the Hobson's choice once the [agency] file[s] the enforcement action." *Id.* at 695. At that point, the plaintiff has an adequate remedy by defending the enforcement action for conduct that has already occurred.

reached federal court. *Id.* Mr. Koneru contends that the SEC's enforcement action is such an "illegitimate proceeding" that necessitates review in this Court. Opp'n 26. Mr. Koneru is wrong. *Axon* is plainly inapposite. Mr. Koneru is not challenging proceedings before the SEC; he is challenging the "SEC's decision to file its complaint" in federal court. Opp'n 17. He does not contend that proceedings in federal court are "illegitimate," or that the Article III judge assigned to the SEC's action in SDNY is "an illegitimate decisionmaker." *Axon Enterprise*, 598 U.S. at 191. And the remedy that he seeks in the SDNY action—dismissal of the SEC's enforcement action—would adequately address his claimed injury. Mr. Koneru cites no case applying *Axon Enterprise* in the way that he urges, which should be a hint that his view of that case is wrong.

In sum, Mr. Koneru has "[an]other adequate remedy in a court," 5 U.S.C. § 704, which means that he lacks a cause of action for APA review here.[3] And Mr. Koneru has already exercised that remedy by moving to dismiss the SDNY action under the Anti-Deficiency Act. Def.'s Mot. Dismiss, *SEC v. Koneru*, No. 25-cv-9327, ECF No. 26 at 13–24 (S.D.N.Y May 21, 2026).

---

[3] The background section of Mr. Koneru's Opposition includes a brief sentence stating that the SEC's actions are "illegal and *ultra vires*." Opp'n 7, ECF No. 18. The Court does not read this sentence as bringing a so-called "Hail Mary" *ultra vires* claim. *See NRC v. Texas*, 605 U.S. 665, 681–82 (2025). To the extent Mr. Koneru thinks otherwise, the Court reminds Mr. Koneru that "[m]entioning an argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones is tantamount to failing to raise it." *Am. First Legal Found. v. GAO*, 819 F. Supp. 3d 20, 29 (D.D.C. 2026) (cleaned up) (quoting *Al-Tamimi v. Adelson*, 916 F.3d 1, 6 (D.C. Cir. 2019)).

## CONCLUSION

For the foregoing reasons, the Court grants the SEC's Motion to Dismiss, ECF No. 15. A separate order will issue.

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   July 29, 2026